FILED: December 13, 2002

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 00-2166(L)
(CA-98-2416-L)

---

DONATO PISELLI; MARIE PISELLI, individually
and as parents and next friends of Christopher
Donato Piselli, a minor,

Plaintiffs - Appellants,

versus

75TH STREET MEDICAL, P.A.; LYNN YARBOROUGH,
M.D.,

Defendants - Appellees,

and

VICTOR GONG, M.D. & ASSOCIATES; VICTOR GONG, M.D.

Defendants.

---

O R D E R

---

The Court grants the appellee/cross-appellant's motion to remand. The Court amends its opinion filed November 18, 2002, so as to direct the district court to consider appellee/cross-appellant's claim as to the sufficiency of the evidence to support the reinstated jury verdict, and thereafter to consider motions for costs and fees as directed in this Court's original opinion.

Because this order renders appellee/ cross-appellant's petition for rehearing moot, that petition is dismissed.

Entered at the direction of Judge Luttig with the concurrence of Judge King.

For the Court

/s/ Patricia S. Connor

Clerk

Filed: December 3, 2002

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

———————————

Nos. 00-2166(L)
(CA-98-2416-L)

———————————

Donato Piselli, et al,

                            Plaintiffs - Appellants,

        versus

75th Street Medical, P.A., et al.,

                            Defendants - Appellees.

———————————

O R D E R

———————————

    The court amends its opinion filed November 18, 2002, as follows:

    On page 2, section 1 -- the lower court judge's name is corrected to read "Paul W. Grimm, Magistrate Judge."

                            For the Court - By Direction

                            /s/ Patricia S. Connor
                                    Clerk

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

---

DONATO PISELLI; MARIE PISELLI,
individually and as parents and next
friends of Christopher Donato
Piselli, a minor,
    *Plaintiffs-Appellants,*

    v.

75TH STREET MEDICAL, P.A.; LYNN       No. 00-2166

YARBOROUGH, M.D.,
    *Defendants-Appellees,*

    and

VICTOR GONG, M.D. & ASSOCIATES;
VICTOR GONG, M.D.,
    *Defendants.*

---

DONATO PISELLI; MARIE PISELLI,
individually and as parents and next
friends of Christopher Donato
Piselli, a minor,
    *Plaintiffs-Appellees,*

    v.

75TH STREET MEDICAL, P.A.,       No. 00-2200
    *Defendant-Appellant,*

    and

VICTOR GONG, M.D. & ASSOCIATES;
VICTOR GONG, M.D.; LYNN
YARBOROUGH, M.D.,
    *Defendants.*

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
Paul W. Grimm, Magistrate Judge.
(CA-98-2416-L)

Argued: May 9, 2001

Decided: November 18, 2002

Before LUTTIG, MOTZ,* and KING, Circuit Judges.

_____

Reversed and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Richard Salter Phillips, Sr., WALSH & PHILLIPS, P.A.,
Easton, Maryland, for Appellants. Kurt D. Karsten, COWDREY,
THOMPSON & KARSTEN, P.A., Annapolis, Maryland, for Appel-
lees. **ON BRIEF:** Curtis H. Booth, COWDREY, THOMPSON &
KARSTEN, P.A., Annapolis, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

We return to this appeal following decision of the certified question

_____

*Judge Motz heard oral argument in this case but subsequently recused
herself. This opinion is filed by a quorum of the panel. 28 U.S.C. § 46(d).

of law by the Court of Appeals of Maryland. The question certified by the panel to that court was as follows:

> Whether, for purposes of the limitations period in Md. Code Ann., Cts. & Jud. Proc. § 5-109(a), as tolled by section 5-109(b) for actions by claimants under age eleven, an action by parents brought on behalf of a child who was under age eleven at the time of his injury is time-barred when the claim is filed more than three years after the parents discovered the child's injury but within three years of the child's discovery of the injury?

## I.

The relevant facts of this case were never in dispute. Christopher Piselli was 10 years old when his parents took him to the 75th Street Medical Center ["the Center"] on August 2, 1993, after observing him limping. Dr. Lynn Yarborough, M.D., interpreted a single x-ray of his upper leg and hip, and diagnosed it as normal. Three days later, however, Christopher was admitted to John Hopkins hospital for emergency care of what turned out to be an acutely slipped capital femoral epiphysis. This condition is often preceded by a separation of the growth plate in the hip, a pre-slip, though no such pre-slip was noted on his earlier visit to the Center.

A few months later, Christopher began to develop avascular necrosis in his injured leg, which resulted in the cessation of further growth in that leg. Significant medical problems emerged from his condition.

On July 24, 1998, Christopher's parents sued appellees, Dr. Yarborough and the Center, on their own behalf and as Christopher's "next friends." They alleged that appellees' medical care of Christopher was negligent and below the appropriate standard of care. Appellees moved for summary judgment, contending that the statute of limitations had run for the action. The district court denied the motion, finding that it involved a genuine factual dispute, and put to the jury, along with determinations on the merits, the questions of when Christopher discovered his injury and when his parents discovered it. After trial, the jury returned a verdict in favor of Dr. Yarborough, but against the Center, finding that the latter deviated from the

accepted standard of care in its treatment of Christopher and that this deviation was the proximate cause of his injury. The jury awarded damages of $410,000 for Christopher and $28,000 for his parents. The jury also found that Christopher did not discover his injury until 1999, after the action was filed, but that his parents discovered it in November 1993.

On the basis of the jury's findings as to the timing of the parents' discovery of Christopher's injury, the district court ruled, as a matter of law, that the action was time-barred under Md. Code Ann., Cts. & Jud. Proc. § 5-109, which states in pertinent part:

> (a)  Limitations. — An action for damages for an injury arising out of the rendering of or failure to render professional service by a health care provider . . . shall be filed *within the earlier of*:
>
> (1)  *Five years of the time the injury was committed; or*
>
> (2)  *Three years of the date the injury was discovered.*

Because Christopher's parents discovered his injury in November 1993, the court reasoned that they had three years from that time to file their action, and thus that their 1998 filing was untimely.

On appeal, we were concerned with whether the time at which discovery of the injury should be set, for purposes of the statute of limitations codified at Md. Code Ann., Cts. & Jud. Proc. § 5-109, in an action brought by parents *on their minor child's behalf*, should be established according to the discovery of the injury by the parents, or according to the discovery of the injury by the minor child. Because we concluded that this question was not settled within Maryland law, we certified the above-referenced question to the Court of Appeals of Maryland.*

---

*Christopher's parents concede on appeal that the district court properly reversed the jury's judgment in their own action, as opposed to the action they brought on Christopher's behalf. *See* Appellants' Br. at 18 ("Appellants do not contest, that given the finding of fact of the jury that

4

II.

The Maryland Court of Appeals answered our certified question by holding that the statute of limitations embodied within § 5-109, which restricts minors' remedy and access to the courts, violates Article 19 of the Maryland Declaration of Rights because it amounted to an "*unreasonable* restriction upon a child's remedy and [ ] access to the courts." *Piselli* v. *75th Street Medical*, Misc. No. 2 at 27 (Md. Oct. 8, 2002) (emphasis added). As a result, the Court of Appeals further held that the time periods in § 5-109 "do not begin running against a child's claim until the child reaches the age of 18." *Id*. at 13-14.

The Court of Appeals of Maryland thus instructs us that:

> [I]n light of Article 19 of the Maryland Declaration of Rights, the three and five-year time periods prescribed by § 5-109(a) did not commence running against Christopher's claim until he attained the age of 18, which was after this action was filed.

*Id*. at 32.

In light of the Maryland Court of Appeals' instruction, we conclude that the claims that Christopher's parents brought *on his behalf* were not time-barred and we reinstate the jury's verdict for Christopher in the amount of $410,000. We remand the case to the district court so that the court may consider appellants' motion for costs and fees.

*CONCLUSION*

For the reasons stated herein, the judgment of the district court is reversed and the case is remanded for further proceedings.

*REVERSED AND REMANDED*

---

Mr. and Mrs. Piselli were in a position where the statute of limitations as to them began to run in November of 1993, clearly they were too late when they filed in July of 1998."). Consequently, the state Court of Appeals' answer to our certified question does not effect the district court's judgment as to the effect of the statute of limitations restriction on the parents' own claim.